NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ABDUL-WALI ABDULLAH,**<br><br>        **Plaintiff**<br>   v.<br><br>**GERALINDEN COHEN, Warden of Atlantic County Justice Facility,** *et al.*,<br><br>        **Defendants** | Civ. No. 18-1157 (RMB)<br><br>OPINION |

**BUMB, District Judge**

Plaintiff Abdul-Wali Abdullah, a pretrial detainee confined at Atlantic County Justice Facility, brings this civil rights complaint under 42 U.S.C. § 1983, alleging unlawful exposure to mold and failure to evaluate his medical symptoms. (Compl., ECF No. 1, ¶¶3, 4.) Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915("IFP") and has established his financial eligibility to proceed without prepayment of the filing fee. (IFP App., ECF No. 1-1.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte*

dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Complaint is dismissed without prejudice.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

   A. <u>The Complaint</u>

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of this screening only. Warden Geraldine Cohen assigned Plaintiff to live in housing unit Pod 4-Right, where there was mold growing in the showers. (Compl., ECF No. 1, ¶4.) Cohen then moved Plaintiff to housing unit B-Right, which also had mold growing in the showers. (<u>Id.</u>) Plaintiff complained through the inmate grievance system to Warden Cohen that he is in a room next to the bathroom and he is breathing in mold on a daily basis, which is dangerous to his health. (<u>Id.</u>, ¶3B.) Warden Cohen did nothing in response. (<u>Id.</u>)

Plaintiff noticed he is short of breath and coughing more than usual. (<u>Id.</u>, ¶4.) On December 9, 2017, he requested a sick call and was seen the next day by Cheryl DuBose, head of the medical department at Atlantic County Justice Facility. (<u>Id.</u>, ¶¶ 3C, 4.) Plaintiff told DuBose that he had been exposed to excessive mold in the showers in both housing units for the last seven months. (<u>Id.</u>, ¶4.) He told her that his room in B-Right is next to the bathroom. (<u>Id.</u>) DuBose told Plaintiff she could only prescribe cough medicine. (<u>Id.</u>) No one from the medical department has taken a chest X-ray to see if Plaintiff's lungs were affected by the mold. (<u>Id.</u>) Plaintiff also complains that DuBose did not order

anyone to clean the mold on the shower walls. (Id.) Plaintiff seeks monetary damages for relief. (Id., ¶5.)

    B.    <u>Claims under 42 U.S.C. § 1983</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under § 1983, a plaintiff must first allege the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

    C.    <u>Fourteenth Amendment Conditions of Confinement Claim</u>

When pretrial detainees challenge their conditions of confinement, courts must determine whether there has been a violation of the Due Process Clause of the Fourteenth Amendment. <u>Hubbard v. Taylor</u>, 538 F.3d 229, 231 (3d Cir. 2008) "[U]nder the Due Process Clause, a detainee may not be punished prior to an

adjudication of guilt in accordance with due process of law. Id., quoting (Bell v. Wolfish, 442 U.S. 520, 535 (1979)).

Unconstitutional punishment under the Fourteenth Amendment has objective and subjective components. Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007). The subjective component, whether the defendant prison official acted with a sufficiently culpable state of mind, is met where the condition is arbitrary or purposeless or the condition is excessive. Id. The objective component is met where the prison conditions cause inmates to "endure genuine privations and hardship over an extended period of time." Bell, 441 U.S. at 542.

To state a constitutional violation, a plaintiff must allege facts suggesting the conditions of confinement were severe enough to deprive him of a basic human need, such as food, warmth or exercise. Wilson v. Seiter, 501 U.S. 294, 305 (1991). Exposure to a condition that presents an unreasonable risk of serious damage to an inmate's future health states a cause of action under the Eighth and the Fourteenth Amendments. Helling v. McKinney, 509 U.S. 25, 35 (1993) (plaintiff stated an Eighth Amendment claim for exposure to excessive environmental tobacco smoke); Ford v. Mercer County Correctional Center, 171 F. App'x 416, 420 (3d Cir. 2006) (finding the plaintiff did not submit sufficient evidence that a jury could reasonably return a verdict in his favor that the air quality in Mercer County Correctional Center posed an unreasonable

risk of harm to his health in violation of the Fourteenth Amendment.)

Plaintiff alleges he was exposed to mold for seven months and he has symptoms of shortness of breath and increased coughing. Plaintiff did not allege facts indicating the severity or frequency of his respiratory symptoms. He did not allege that the mold is toxic. In sum, he has not alleged sufficient facts to suggest his exposure to mold in the showers in Atlantic County Justice Facility presents an unreasonable risk of harm to his health. See e.g. Forde v. Fischer, Civ. Action No. 08-5026 (JAG), 2009 WL 5174650 (D.N.J. Dec. 16, 2009) (dismissing Eighth Amendment claim where prisoner did not allege that mold was toxic); see Patterson v. Quigley, Civ. Action No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("Numerous courts have also recognized mold in a prison does not automatically violate an inmate's constitutional rights.")

Dismissal of this claim is without prejudice. Plaintiff, therefore, may allege additional facts in an amended complaint, if he can allege any facts to establish that his mold exposure presents an unreasonable risk of harm to his health.

D.  Fourteenth Amendment Inadequate Medical Care Claim

A pretrial detainee's claims of inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment. Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).

7

> For a denial of medical care to constitute a violation of the Fourteenth Amendment, [plaintiffs] must demonstrate: "(i) a serious medical need, and (ii) acts or omissions by [the Named Officers] that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Mattern v. City of Sea Isle, 657 F. App'x 134, 138 (3d Cir. 2016).

"[A] medical need is "serious" for purposes of a denial of medical care claim if it is either 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Id. at 139 (quoting Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)).

The second requirement of a Fourteenth Amendment inadequate medical care claim is that the defendant acted with deliberate indifference, in other words, "he or she "knows of and disregards an excessive risk to [a complainant's] health or safety." Id. at 140 (quoting Natale, 318 F.3d at 582) (additional citations omitted)). Deliberate indifference is a "subjective standard of liability" and thus a defendant cannot be held liable unless he or she "knows of and disregards an excessive risk to [a complainant's] health or safety." Id. (quoting Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. 825, 837

8

(1994)). Deliberate indifference is "evident" where: "(i) the denial of reasonable requests for medical treatment [] expose the complainant to undue suffering; (ii) knowledge of the need for medical care and the intentional refusal to provide such care; or (iii) the delay of necessary medical treatment for non-medical reasons." Mattern, 657 F. App'x at 140 (citing Lanzaro, 834 F.2d at 346–47).

Plaintiff alleges DuBose failed to order a chest X-ray to evaluate whether his symptoms of shortness of breath and increased cough were related to his mold exposure, and instead told him she could only prescribe cough medication. A prisoner's disagreement with the medical treatment provided does not state a constitutional violation. Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013) (prisoner's disagreement with his medical treatment did not establish a constitutional violation); Rhines v. Bledsoe, 388 F. App'x 225, 227 (3d Cir. 2010) (per curiam) (where medical staff evaluated and treated Plaintiff on each visit, the plaintiff could not show deliberate indifference based on his disagreement with the medical care provided). Dismissal of this Fourteenth Amendment claim is without prejudice.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but dismisses the Complaint without prejudice.

9

An appropriate order follows.

                                        s/Renée Marie Bumb_____
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

**Dated:** August 23, 2018